IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KONAMI DIGITAL ENTERTAINMENT CO., LTD., and KONAMI DIGITAL ENTERTAINMENT, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>HARMONIX MUSIC SYSTEMS, INC., MTV NETWORKS, CO., and VIACOM INC.,<br><br>Defendants.<br><br>VIACOM INC.,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>KONAMI DIGITAL ENTERTAINMENT CO., LTD., and KONAMI DIGITAL ENTERTAINMENT, INC.,<br><br>Counterclaim Defendants. | CIVIL ACTION NO. 6:08-CV-286<br><br>JURY TRIAL DEMANDED |

## ANSWER AND COUNTERCLAIMS

Defendants Harmonix Music Systems, Inc. ("Harmonix"), MTV Networks, Co. ("MTV Co."), and Viacom Inc. ("Viacom") (collectively "Defendants") answer the Complaint for Patent Infringement of United States Patent Nos. 6,390,923, 6,425,822 and 6,645,067 (the "Complaint") of Konami Digital Entertainment Co., Ltd. and Konami Digital Entertainment, Inc. (collectively

"Konami" or "Plaintiffs") as follows, and all allegations and/or averments not specifically admitted herein are denied:

## THE PARTIES

1. In response to Paragraph 1 of the Complaint, Defendants are informed and believe, and on that basis admit, that Konami Digital Entertainment Co., Ltd. is a corporation organized under the laws of Japan with its corporate headquarters at 9-7-2, Akasaka, Minato-ku, Tokyo, 107-8323 Japan. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1 of the Complaint, and therefore deny each and every remaining allegation in Paragraph 1.

2. In response to Paragraph 2 of the Complaint, Defendants are informed and believe, and on that basis admit, that Konami Digital Entertainment, Inc. is an Illinois corporation with its principal place of business at 2381 Rosecrans Ave., Suite 200, El Segundo, CA 90245. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 2 of the Complaint, and therefore deny each and every remaining allegation in Paragraph 2.

3. In response to Paragraph 3 of the Complaint, Harmonix admits that it is a Delaware corporation with its principal place of business at 625 Massachusetts Avenue, 2nd Floor, Cambridge, MA 02139. Harmonix also admits that it is a developer of the videogames sold under the tradename "Rock Band." Harmonix denies that it is a wholly-owned subsidiary or business unit of defendants MTV Co. or Viacom insofar as Harmonix is a wholly-owned subsidiary of non-party Viacom International Inc. ("Viacom Int'l."). Except as expressly admitted, Defendants deny each and every remaining allegation of Paragraph 3.

4. In response to Paragraph 4 of the complaint, MTV Co. denies that MTV Games is a business unit of MTV Co. insofar as MTV Games is a brand used by MTV Networks ("MTV"), which itself is a division of non-party Viacom Int'l. MTV Co. admits that MTV Games is a publisher of the videogames sold under the tradename "Rock Band." MTV Co. admits that it is a Delaware corporation with its principal place of business at 1515 Broadway, New York, NY 10036. MTV Co. denies that it is a wholly-owned subsidiary or division of Viacom insofar as MTV Co. is a wholly-owned subsidiary of non-party Viacom Int'l. Except as expressly admitted, Defendants deny each and every remaining allegation of Paragraph 4.

5. In response to Paragraph 5 of the Complaint, Viacom admits that it is a Delaware corporation with its principal place of business at 1515 Broadway New York, New York 10036. Viacom denies that Harmonix is a business unit or wholly-owned subsidiary of Viacom insofar as Harmonix is a wholly-owned subsidiary of non-party Viacom Int'l. Viacom denies that MTV Co. is a business unit or wholly-owned subsidiary of Viacom insofar as MTV Co. is a wholly-owned subsidiary of non-party Viacom Int'l. Except as expressly admitted, Defendants deny each and every remaining allegation of Paragraph 5.

## JURISDICTION AND VENUE

6. In response to Paragraph 6 of the Complaint, Defendants admit that Konami's complaint purports to be an action for patent infringement. Defendants also admit that Konami's complaint alleges that the Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). Defendants further admit that the videogames sold under the tradename "Rock Band" are sold within the district. Except as expressly admitted, Defendants deny each and every remaining allegation of Paragraph 6.

7. In response to Paragraph 7 of the Complaint, Defendants admit that Konami's complaint alleges that venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C.

§ 1400(b), purportedly because a substantial part of the events giving rise to the claim occurred in this District. Except as expressly admitted, Defendants deny each and every remaining allegation of Paragraph 7.

8. In response to Paragraph 8 of the Complaint, Defendants admit that Konami contends that venue is proper in the district under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b), purportedly because Defendants' contacts with this District are sufficient to render Defendants amenable to personal jurisdiction in this District. Defendants also admit that Harmonix advertises the Rock Band products in the United States, including Texas. Except as expressly admitted, Defendants deny each and every remaining allegation of Paragraph 8.

## FIRST CAUSE OF ACTION

9. In response to Paragraph 9 of the Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 8, above, as though set forth herein in their entirety.

10. In response to Paragraph 10 of the Complaint, Defendants admit that U.S. Patent No. 6,390,923 (the "'923 patent") issued on May 21, 2002, and that the patent is titled "Music Playing Game Apparatus, Performance Guiding Image Display Method, and Readable Storage Medium Storing Performance Guiding Image Forming Program." Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 10 of the Complaint, and therefore deny such allegations.

11. In response to Paragraph 11 of the Complaint, Defendants deny each and every allegation of Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Defendants deny each and every allegation of Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, Defendants deny each and every allegation of Paragraph 13 of the Complaint.

## SECOND CAUSE OF ACTION

14. In response to Paragraph 14 of the Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 13, above, as though set forth herein in their entirety.

15. In response to Paragraph 15 of the Complaint, Defendants admit that U.S. Patent No. 6,425,822 (the "'822 patent") issued on July 30, 2002, and is titled "Music Game Machine with Selectable Controller Inputs." Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15 of the Complaint, and therefore deny such allegations.

16. In response to Paragraph 16 of the Complaint, Defendants deny each and every allegation of Paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint, Defendants deny each and every allegation of Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint, Defendants deny each and every allegation of Paragraph 18 of the Complaint.

## THIRD CAUSE OF ACTION

19. In response to Paragraph 19 of the Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 18, above, as though set forth herein in their entirety.

20. In response to Paragraph 20 of the Complaint, Defendants admit that U.S. Patent No. 6,645,067 (the "'067 patent") issued on November 11, 2003, and is titled "Music Staging Device Apparatus, Music Staging Game Method, and Readable Storage Medium." Defendants

are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20 of the Complaint, and therefore deny such allegations.

21. In response to Paragraph 21 of the Complaint, Defendants deny each and every allegation of Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, Defendants deny each and every allegation of Paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Defendants deny each and every allegation of Paragraph 23 of the Complaint.

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's claims, Defendants assert the following affirmative defenses. By pleading these defenses, Defendants do not in any way agree or concede that Defendants have the burden of proof or persuasion on any of these issues. Defendants also reserve the right to add additional affirmative defenses as further information is obtained.

### First Affirmative Defense

(Failure to State a Claim)

24. The Complaint, and each purported allegation asserted therein, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

(Invalidity of U.S. Patent No. 6,390,923)

25. The claims of the '923 patent are invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

(Invalidity of U.S. Patent No. 6,425,822)

26. The claims of the '822 patent are invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Affirmative Defense

(Invalidity of U.S. Patent No. 6,645,067)

27. The claims of the '067 patent are invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fifth Affirmative Defense

(No Infringement)

28. Defendants have not infringed and do not infringe, under 35 U.S.C. § 271 or any other theory, any valid and enforceable claim of the '923, '822, or '067 patents.

### Sixth Affirmative Defense

(Prosecution History Estoppel)

29. Konami is estopped from construing or interpreting any valid and enforceable claim of the '923, '822, and '067 patents to cover any product manufactured, used, imported, sold or offered for sale by Defendants or any methods used by Defendants because of the language in the specification or claims of the patents and/or the proceedings, statements, admissions, and representations made before the United States Patent and Trademark Office by or on behalf of the applicant during the prosecution of the applications upon which the '923, '822, and '067 patents issued and/or to which those patents claim priority.

### Seventh Affirmative Defense

(Reverse Doctrine of Equivalents)

30. If the claims at issue are interpreted so broadly as to read on the accused product(s), Defendants do not infringe and have not infringed any valid claims of the '923, '822, and '067 patents under the Reverse Doctrine of Equivalents.

### Eighth Affirmative Defense

(Waiver, Laches, Prosecution Laches, Acquiescence, Estoppel)

31. Konami's claims for relief are barred by the doctrines of waiver, laches, prosecution laches, acquiescence, and/or equitable estoppel.

### Ninth Affirmative Defense

(Adequate Remedy At Law)

32. While the Defendants deny that Konami is entitled to any relief in this action, Konami's request for an injunction or other equitable relief is barred because Konami has an adequate remedy at law and therefore no basis exists for the grant of equitable relief.

### Tenth Affirmative Defense

(Failure to Mark and Failure to Give Notice)

33. To the extent that Konami failed to mark or give notice to the Defendants as set forth in 35 U.S.C. § 287, Konami is precluded from or limited in collecting damages from the Defendants.

### Eleventh Affirmative Defense

(Other Defenses Reserved)

34. The Defendants expressly reserve the right to assert any other legal or equitable defenses that may now or in the future be available to the Defendants based on discovery, applicable law, or any other factual or legal matter.

### VIACOM INC.'S COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Viacom brings these Counterclaims against Plaintiffs and Counterclaim-Defendants Konami, pursuant to Rule 13 of the Federal Rules of Civil Procedure, and alleges as follows:

35. Viacom incorporates by reference Paragraphs 1 through 34, inclusive, as if set forth fully herein.

36. These are claims arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq*.

37. Viacom is a Delaware corporation with its principal place of business at 1515 Broadway, New York, New York 10036.

38. On information and belief, Konami Digital Entertainment Co., Ltd. is a corporation organized under the laws of Japan with its corporate headquarters at 9-7-2, Akasaka, Minato-ku, Tokyo, 107-8323 Japan. This Court has personal jurisdiction over Konami Digital Entertainment Co., Ltd. because it has filed the Complaint in this judicial district and has thereby consented to the personal jurisdiction of this Court.

39. On information and belief, Konami Digital Entertainment, Inc. is an Illinois corporation with its corporate headquarters at 2381 Rosecrans Ave., Suite 200, El Segundo, CA

90245.  This Court has personal jurisdiction over Konami Digital Entertainment, Inc. because it has filed the Complaint in this judicial district and has thereby consented to the personal jurisdiction of this Court.

40. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 because, among other things, Konami has accused Viacom of infringing the '923, '822, and '067 patents.

41. Venue in this judicial district is proper over these Counterclaims pursuant to 28 U.S.C. § 1391(b)(2) and 1391(c).

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 6,390,923)

42. Viacom incorporates by reference the allegations of Paragraphs 35 through 41, inclusive, as if set forth fully herein.

43. The '923 patent was issued by the United States Patent Office on May 21, 2002.

44. In its Complaint against Viacom for patent infringement, Konami alleges that the '923 patent was duly and legally issued; that Konami holds all rights and interests in the '923 patent; and that Viacom has infringed and continues to infringe the '923 patent. Konami identified in the Complaint as allegedly infringing products videogames sold under the tradename "Rock Band."

45. Viacom has denied the material allegations of Konami's complaint that the '923 patent is valid and infringed by Viacom. Viacom has not infringed and does not infringe, under 35 U.S.C. § 271 or any other theory, any valid claim of the '923 patent.

46. The claims of the '923 patent, including the claims alleged to be infringed, are invalid and of no effect for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

47. An actual and justiciable controversy therefore exists between Viacom and Konami regarding the validity and infringement of the '923 patent.

48. By this Counterclaim, Viacom seeks a judicial declaration and determination that the '923 patent is invalid and not infringed by Viacom.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 6,425,822)

49. Viacom incorporates by reference the allegations of Paragraphs 35 through 48, inclusive, as if set forth fully herein.

50. The '822 patent was issued by the United States Patent Office on July 30, 2002.

51. In its Complaint against Viacom for patent infringement, Konami alleges that the '822 patent was duly and legally issued; that Konami holds all rights and interests in the '822 patent; and that Viacom has infringed and continues to infringe the '822 patent. Konami identified in the Complaint as allegedly infringing products videogames sold under the tradename "Rock Band."

52. Viacom has denied the material allegations of Konami's complaint that the '822 patent is valid and infringed by Viacom. Viacom has not infringed and does not infringe, under 35 U.S.C. § 271 or any other theory, any valid claim of the '822 patent.

53. The claims of the '822 patent, including the claims alleged to be infringed, are invalid and of no effect for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

54. An actual and justiciable controversy therefore exists between Viacom and Konami regarding the validity and infringement of the '822 patent.

55. By this Counterclaim, Viacom seeks a judicial declaration and determination that the '822 patent is invalid and not infringed by Viacom.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 6,645,067)

56. Viacom incorporates by reference the allegations of Paragraphs 35 through 55, inclusive, as if set forth fully herein.

57. The '067 patent was issued by the United States Patent Office on November 11, 2003.

58. In its Complaint against Viacom for patent infringement, Konami alleges that the '067 patent was duly and legally issued; that Konami holds all rights and interests in the '067 patent; and that Viacom has infringed and continues to infringe the '067 patent. Konami identified in the Complaint as allegedly infringing products videogames sold under the tradename "Rock Band."

59. Viacom has denied the material allegations of Konami's complaint that the '067 patent is valid and infringed by Viacom. Viacom has not infringed and does not infringe, under 35 U.S.C. § 271 or any other theory, any valid claim of the '067 patent.

60. The claims of the '067 patent, including the claims alleged to be infringed, are invalid and of no effect for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and/or 112.

61. An actual and justiciable controversy therefore exists between Viacom and Konami regarding the validity and infringement of the '067 patent.

62. By this Counterclaim, Viacom seeks a judicial declaration and determination that the '067 patent is invalid and not infringed by Viacom.

## PRAYER FOR RELIEF

WHEREFORE, Defendants and Counterclaim Plaintiff Viacom pray for judgment as follows:

A. That Konami take nothing by its Complaint;

B. That Konami's Complaint be dismissed with prejudice;

C. That the Court enter judgment against Konami and in favor of Defendants in all respects;

D. That the Court enter a judicial declaration and determination that Viacom has not infringed the '923, the '822, or the '067 patents;

E. That the Court enter a judicial declaration and determination that the '923, '822, and '067 patent are invalid;

F. That the Court determine that this is an exceptional case under 35 U.S.C. § 285, and that the Court award the Defendants their attorneys' fees and costs; and

G. For such other and further relief as the Court deems just, proper and equitable.

## JURY DEMAND

Defendants hereby demand a jury trial on all issues triable by a jury.

Dated: August 29, 2008               Respectfully submitted,


                                     By: */s/ Michael E. Jones*
                                     Michael E. Jones (TX #10929400)
                                     Potter Minton
                                     A Professional Corporation
                                     110 N. College
                                     500 Plaza Tower
                                     Tyler, Texas 75702
                                     Phone:      (903) 597-8311
                                     Facsimile:  (903) 593-0846
                                     Email:      mikejones@potterminton.com

                                     *Counsel for Defendants Harmonix Music Systems,
                                     Inc., MTV Networks, Co., and Defendant and
                                     Counterclaim Plaintiff Viacom Inc.*

Of Counsel:

David Gindler (*pro hac vice*)
Richard Kendall (*pro hac vice*)
Samuel Lu (*pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199
Email:       dgindler@irell.com
Email:       rkendall@irell.com
Email:       slu@irell.com

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 29th day of August, 2008. Any other counsel of record will be served by first class U.S. mail on this same date.

                              */s/ Michael E. Jones*