# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| KONAMI DIGITAL ENTERTAINMENT CO., LTD., et al., | § § § |
| Plaintiffs, | § § |
| vs. | § CIVIL ACTION No. 6:08cv286 § |
| HARMONIX MUSIC SYSTEMS, INC., et al., | § § § § |
| Defendants. | § § |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Harmonix Music Systems, Inc. ("Harmonix"); MTV Networks ("MTV"); Viacom International Inc. ("Viacom Int'l"); and Viacom Inc.'s ("Viacom") (collectively, "Defendants") Motion to Transfer Venue to the United States District Court for the District of Massachusetts ("Motion") (Doc. No. 55). Plaintiffs Konami Digital Entertainment Co., Ltd. ("Konami Co.") and Konami Digital Entertainment, Inc. ("Konami Inc.") filed an Opposition to Defendants' Motion to Transfer Venue ("Opposition") (Doc. No. 59), as well as a Surreply to Defendants' Motion to Transfer Venue ("Surreply") (Doc. No. 68). Defendants also filed a Reply Memorandum in Support of Their Motion to Transfer Venue to the District of Massachusetts ("Reply") (Doc. No. 65). Having fully considered the parties' arguments and for the reasons set forth herein, Defendants' Motion to Change Venue is **DENIED**.

## BACKGROUND

On July 9, 2008, Plaintiffs filed the instant lawsuit against Defendants, alleging infringement of three patents: 1) U.S. Patent No. 6,390,923 entitled "Music Playing Game Apparatus, Performance Guiding Image Display Method, and Readable Storage Medium Storing Performance Guiding Image Forming Program;" 2) U.S. Patent No. 6,425,822 entitled "Music Game Machine and Selectable Controller Inputs;" and 3) U.S. Patent No. 6,645,067 entitled "Music Staging Device Apparatus, Music Staging Game Method, and Readable Storage Medium."[1]  AM. COMPLAINT (Doc. No. 27) at 1–7.  Plaintiffs assert that Defendants have infringed these patents by making and selling the videogame "Rock Band." *Id.* at 4–7.

On January 21, 2009, Defendants filed the instant Motion, seeking a change of venue to the District of Massachusetts.  MOTION at 1–3.  Defendants argue that because Harmonix has its principle place of business in Massachusetts, where the accused product was developed, the convenience of the parties dictates that this case should be transferred. *Id.* at 2.

## LEGAL STANDARD

Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.  *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).  Ultimately it is

---

[1]The original Complaint named only Harmonix, MTV, and Viacom as Defendants. COMPLAINT (Doc. No. 1) at 2. Plaintiffs' Amended Complaint added Viacom Int'l, as the parent company for MTV. AMENDED COMPLAINT at 2.

within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.,* 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.,* 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer of venue must show good cause for the transfer.[2] *In re Volkswagen of America, Inc. ("Volkswagen II"),* 545 F.3d 304, 315 (5th Cir. 2008) (en banc); *In re TS Tech USA Corp. ("TS Tech"),* 551 F.3d at 1320. The moving party must show that transfer is "clearly more convenient." *Volkswagen II,* 545 F.3d at 315; *TS Tech,* 551 F.3d at 1320. Otherwise, a plaintiff's choice of venue must be respected because that choice places the burden on the defendant to demonstrate why venue should be transferred. *Volkswagen II,* 545 F.3d at 315 n.10.

When deciding whether to transfer venue, a district court balances two categories of interests: the private interests of the litigants and the public's interest in the fair and efficient administration of justice. *Volkswagen II,* 545 F.3d at 315; *TS Tech,* 551 at 1319. The private interest factors include 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II,* 545 F.3d at 315. The public interest factors include 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems

---

[2]Because a motion to change venue does not involve substantive issues of patent law, the Court will apply Fifth Circuit law. *TS Tech,* 551 F.3d at 1319.

3

of conflict of laws or in the application of foreign law. *Id.* These factors are not exhaustive or exclusive, and no single factors is dispositive. *Id.*

Two recent appellate opinions must be addressed in determining whether transfer is appropriate in this case. *Volkswagen II* involved a products liability claim stemming from an automobile collision in Dallas, Texas. 545 F.3d at 307. On rehearing en banc, the Fifth Circuit granted a writ of mandamus requiring the Eastern District of Texas to transfer the case to the Northern District of Texas. *Id.* at 307. It found that the trial court had erred by giving inordinate weight to the plaintiff's choice of venue and by not giving appropriate weight to—among other things—the location of proof, the cost of attendance of willing witnesses, the availability of compulsory process, and the localized interest of the fora. *Id.* at 318.

Shortly thereafter, the Federal Circuit—relying on *Volkswagen II*—granted a writ of mandamus requiring the Eastern District of Texas to transfer a patent case to the Southern District of Ohio. *TS Tech*, 551 F.3d at 1322–23. The Federal Circuit found that in the underlying case—*Lear Corp. v. TS Tech USA, Inc.*, No. 2:07-cv-406, slip op. (E.D. Tex. Sept. 10, 2008)—the trial court erred by 1) giving too much weight to the plaintiff's choice of forum; 2) failing to recognize the cost of attendance of witnesses; 3) failing to recognize the ease of access to sources of proof; and 4) disregarding Fifth Circuit precedent in analyzing the public interest in having localized interests decided at home. *Id.* These cases will be discussed in more detail below.

## DISCUSSION

On a motion to transfer, the Fifth Circuit has directed the district courts to determine whether the destination venue would have been a district in which the claim could have originally been filed,

as well as considering the convenience of the parties and witnesses, in the interest of justice. *Volkswagen II*, 545 F.3d at 312; *see also* 28 U.S.C. § 1404(a).

**I.      Venue in the District of Massachusetts**

The first question a court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404(1) is whether the suit could have been filed originally in the destination venue. *Volkswagen II*, 545 F.3d at 312; 28 U.S.C. § 1404(a). The parties do not dispute that this case could have been brought in the District of Massachusetts.

**II.     A Clearly More Convenient Forum**

Plaintiffs argue that the instant Motion was not brought with "reasonable promptness" and, as a result, Plaintiffs will suffer "extreme[] prejudice[]" if the Motion is granted. OPPOSITION at 6–7. Defendants assert that the Motion is timely because, prior to *Volkswagen II* and *TS Tech*, the Courts in this District applied a venue transfer analysis that would have prevented Defendants from prevailing on the Motion. MOTION at 4–5. As previously noted, the Fifth Circuit reviews a number of private and public factors with regard to convenience on a motion to transfer venue. *Volkswagen II*, 545 F.3d at 315; *TS Tech*, 551 F.3d at 1319.

**A.      Private Interest Factors**

The four private interest factors a court weighs on a motion to transfer include 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315; *TS Tech,* 551 F.3d at 1319.

5

### 1. Relative Ease of Access to Sources of Proof

Defendants argue that most of sources of proof that are in the United States can be found in Massachusetts, while other critical documents are in New York—much closer to the District of Massachusetts than this District. MOTION at 7; DORNBROOK DEC., ¶¶ 4–5. Plaintiffs respond that this analysis fails to take into account all of the parties to the litigation, and Plaintiffs' relevant documents are located in Japan and California. OPPOSITION at 11–12.

The sources of proof requirement is a "meaningful factor" in the venue transfer analysis, and although "access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments[,] [it] does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. In *Volkswagen II*, the Fifth Circuit found that the district court erred in finding that this factor was "neutral because of advances in copying technology and information storage." *Id.* Noting that the collision site, as well as all the documents and physical evidence, were located in the destination venue, the Fifth Circuit found that this factor weighed in favor of transfer. *Id.*

Similarly in *TS Tech*, the Federal Circuit found that the district court erred in not weighing this factor in favor of transfer because "all of the physical evidence . . . [is] far more conveniently located near the [destination] venue." *TS Tech*, 551 F.3d at 1321. The district court had concluded that this factor was neutral because many of the documents were stored electronically and thus "the increased ease of storage and transportation" made this factor less significant. *Lear Corp.*, No. 2:07-cv-406 slip op. at 5.

Here, Defendant Harmonix is a Delaware corporation with its principal place of business in Massachusetts, and virtually all of it's employees reside there. DORNBROOK DEC., ¶ 3; *see also* ANSWER AND COUNTERCLAIMS ("Answer") (Doc. No. 23) at 2. Defendant Harmonix developed the

videogames sold under the "Rock Band" tradename in Massachusetts, and the source code, design specifications, flow charts, artwork, and formulas for the Accused Videogames are stored there. MOTION at 7; DORNBROOK DEC., ¶¶ 3–4. Defendant Viacom is a Delaware corporation with its principal place of business in New York. OPPOSITION at 5; *see also* ANSWER at 3. Defendant MTV Networks also has its principal place of business in New York. OPPOSITION at 5; *see also* ANSWER at 3. Plaintiff Konami Co. is a Japanese corporation. OPPOSITION at 4. Plaintiff Konami Inc. is an Illinois corporation with its principal place of business in El Segundo, California. *Id.* at 4–5. Plaintiffs' relevant documents are located in Japan and California. *Id.* at 11–12.

While Defendants point to Massachusetts as the location for significant sources of proof, they ignore the remaining sources of proof which originate from other locations. Documentary evidence in this case originates from Massachusetts, New York, California, and Japan. Moreover, the parties have principle places of business in a number of the aforementioned locations, so any additional sources of proof are likely to originate from these same locations. Unlike *Volkswagen II* and *TS Tech*, here all of the documents and physical evidence are not located in and around the destination venue. *See Volkswagen II*, 545 F.3d at 316 ("[a]ll of the documents and physical evidence . . . are located in the [destination venue], as is the collision site"); *TS Tech*, 551 F.3d at 1321 ("all of the physical evidence, including the headrests and the documentary evidence, are far more conveniently located near the [destination] venue").

Plaintiffs argue that Defendants "fail[] to acknowledge that the documents . . . are electronic documents that can be easily transferred to this district." OPPOSITION at 11. Defendants respond that this argument has been rejected by the Fifth Circuit, and moreover, the documents at issue in this case include marketing plans, advertising and promotional documents, and financial information.

7

REPLY at 7. In support of their respective positions, the parties both cite to the same case from this Court—*Odom v. Microsoft*. 2009 WL 279968 (E.D. Tex. 2009) (Love, J.). REPLY at 7; SURREPLY at 6.

In *Odom*, this Court previously found that with respect to the first private interest factor, this District was equally as convenient as Oregon, where the defendant wanted to transfer venue. 2009 WL 279968 at *3. Although technological advancements have reduced the discovery burden on parties, this Court pointed out that the Fifth Circuit in *Volkswagen II* previously held that "this factor is still important[] and must be considered carefully." 2009 WL 279968 at *3. This Court also noted that section 1404(a) allows a court to transfer a case "for the convenience of the parties." *Id.* With respect to source code, this Court held that "it does not follow that transfer to the location of the stored information [source code] is more convenient for anyone" because electronic information can be accessed conveniently in many locations. *Id.* This Court also noted that the Federal Circuit in *TS Tech* appeared to emphasize the physical nature of the evidence at issue, without addressing the importance of the location of electronic information. *Id.*

This analysis is consistent with both the Fifth and Federal Circuits' analyses in *Volkswagen II* and *TS Tech*. The Fifth Circuit held that electronic discovery does not render the parties' private interests in having ease of access to sources of proof superfluous, and thus this factor must still be considered. On a motion to transfer venue in an action for patent infringement, the geographic location of physical evidence must be taken into account. Here, these materials are spread throughout the country and the nation, and therefore Massachusetts is not a clearly more convenient forum to access sources of proof for all parties. With respect to sources of proof that are purely electronic information, such as the source code at issue in *Odom*, it does not follow that transfer to

8

Massachusetts where Defendant Harmonix would have relevant source code would be more convenient for anyone.

In this case, sources of proof originate from Massachusetts, New York, California, and Japan, where the parties have their principle places of business. While transferring this case to the District of Massachusetts would make access to some sources of proof easier, there is important evidence that would not be more convenient to access. *See Realtime Data, LLC d/b/a IXO v. Packeteer, Inc.*, No. 6:08-cv-144, slip op. at 10–11 (E.D. Tex. Mar. 5, 2009) (Love, J.) (holding that this factor does not weigh in favor of transfer because "the sources of proof originate from varied locations across the country and the globe"); *Novartis Vaccines and Diagnostics, Inc. v. Hoffman-La Roche Inc.*, --- F.. Supp. 2d ---, 2009 WL 349760, *3 (E.D. Tex. Feb. 3, 2009) (Folsom, J.) (holding that this factor does not weigh in favor of transfer because "[t]he sources of proof in this case are many and are spread across the nation."); *Invitrogen Corp. v. General Electric, Co.*, No. 6:08-cv-113, 2009 WL 331889, *2–*3 (E.D. Tex. Feb. 9, 2009) (Love, J.) (holding that this factor is neutral because destination venue would be more convenient for some sources of proof, but less convenient for others). Because the sources of proof originate from varied locations across the country and the globe, this factor is neutral.

### 2. Cost of Attendance for Willing Witnesses

Defendants argue that because many of the relevant witnesses reside in Massachusetts and New York—while none live in or near Texas—the cost of attendance for willing witnesses will be far less if this case is transferred to Massachusetts. MOTION at 8–9. Plaintiffs respond that the focus of this inquiry should be on non-party witnesses, and the main non-party witnesses that may be needed to testify include witnesses in Japan, California, and New York. OPPOSITION at 13.

With regard to this factor, the Federal Circuit has noted the importance of fact witnesses when considering this factor. *TS Tech*, 551 F.3d at 1320. As this Court previously noted in *Odom*, the relative importance of party and non-party witnesses, however, is unclear. 2009 WL 279968 at *4 n.3. The Fifth Circuit has established a "100-mile" rule, which sets forth that when the distance between an existing and proposed venue under section 1404(a) is more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled. *Volkswagen II*, 545 F.3d at 317 (affirming 100-mile rule adopted by *In re Volkswagen AG ("Volkswagen I")*, 371 F.3d 201 (Fed. Cir. 2004)); *TS Tech*, 551 F.3d at 1320. This is because it is more convenient for witnesses to testify at home and additional distance means additional travel time, which increases the probability for meal, lodging expenses, and time spent away from regular employment. *Volkswagen II*, 545 F.3d at 317.

Here, the parties have identified witnesses in Massachusetts, New York, California, New Jersey, and Japan. MOTION at 8–9; OPPOSITION at 12–14; REPLY at 5–7. Most of Harmonix's employees reside in Massachusetts. MOTION at 8. MTV Networks' employees are in New York. *Id.* Attorneys identified in Defendants' Initial Disclosures are in New York, New Jersey, and California. *Id.* at 8–9. Plaintiffs have identified Harmonix employees in Massachusetts; MTV and Viacom employees in New York; the inventors of the asserted patents located in Japan; and other non-party witnesses in California and New York. OPPOSITION at 13; MOTION at 8–9. If trial is held in this District, witnesses from within the country will be forced to travel from as far as California and New York—over 1500 miles from both locations. If the case is transferred to the District of Massachusetts, witnesses from California will be forced to travel to Massachusetts—approximately 2900 miles. Moreover, witnesses from outside the country will be forced to travel even further.

In either case, there are a significant number of witnesses identified by either side who will be inconvenienced to a significant degree under the 100-mile rule. *See, e.g. Realtime Data*, No. 6:09-cv-144, slip op. at *11–13 (finding this factor neutral where witnesses were located in New York, California, Texas, Virginia, Israel, and Czech Republic); *Aloft Media LLC v. Adobe Sys. Inc.*, No. 6:07-cv-355, 2008 WL 819956, *5-7 (E.D. Tex. March 25, 2008) (Love, J.) (finding this factor neutral where witnesses were located in London, New York, Virginia, California, and Texas); *Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 800, (E.D. Tex. 2006) (Davis, J.), *mandamus denied*, 183 Fed. Appx. 967 (Fed. Cir. 2006) (finding this factor neutral where witnesses were located in Connecticut, New York, California, Taiwan, and Israel); *see also Novartis Vaccines*, 2009 WL 349760 at *5–*6 ("While this Court is not prepared to find that nationwide suits-such as this one-must be litigated in a centralized venue, the facts of this case do suggest that the transferee venue is not more convenient for many involved."). Defendants focus on Harmonix's relevant witnesses, to the exclusion of the remainder of the other fact witnesses. Therefore, because the witnesses are located throughout the country, as well as in Japan, this factor is neutral.[3]

### 3. Availability of Compulsory Process

Defendants assert that it is not clear whether it will be necessary to compel the attendance of any non-party witnesses at trial, but if so, "[i]t is far more likely that such witnesses would reside

---

[3] Plaintiffs argue that Defendants have failed to provide the requisite showing under this factor. OPPOSITION at 12–13. As this Court previously pointed out in *Odom*, the specific showing required in each case will vary depending on the facts of each case. 2009 WL 279968 at *4. Here, the Court finds that Defendants have provided a sufficient identification of key witnesses. To require a more specific showing would only result in unnecessary delay in the resolution of this Motion.

within a 100-mile radius of Massachusetts." MOTION at 7–8. Plaintiffs respond that because their businesses are based in California and Japan, non-party witnesses are just as likely to come from those locations. OPPOSITION at 12.

Rule 45(b)(2) of the Federal Rules of Civil Procedure governs the places where a subpoena may be served. A court's subpoena power is subject to Rule 45(c)(3), which protects non-party witnesses who live or work more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 304. Here, again unlike *Volkswagen II* and *TS Tech*, it is clear that neither this District, nor the District of Massachusetts, has absolute subpoena power over all potential non-party witnesses. To the extent that non-party witnesses may need to be compelled to attend trial, they are likely to be located in Massachusetts, New York, California, or Japan. In *Volkswagen II*, all non-party witnesses were subject to the subpoena power of the destination venue. *Id.* ("a proper venue that does enjoy *absolute* subpoena power for both depositions and trial . . . is available").[4] The District of Massachusetts would enjoy subpoena power over some potential non-party witnesses. However the Massachusetts court would not have subpoena power over other potentially significant non-party witnesses in California and Japan. In comparison, this District lacks subpoena power over all potential non-party witnesses in Massachusetts, New York, California, and Japan. As a result, a transfer from this District to the District of Massachusetts would allow the court to reach certain non-party witnesses otherwise unreachable, but would merely redistribute the remaining inconvenience of lacking the ability to subpoena certain other non-party witnesses to the

---

[4]In *TS Tech*, the Federal Circuit did not address this factor because the parties agreed that this factor was neutral. *See TS Tech, 551 F.3d at 1320–1322; Lear Corp.*, No. 2:07-cv-406 slip op. at 5.

Massachusetts court. *See Novartis Vaccines*, 2009 WL 349760 at *4–*5. This factor, therefore, weighs slightly in favor of transfer.

### 4. Other Practical Problems

The parties spend considerable time arguing over the timeliness of the instant Motion. Plaintiffs contend that Defendants' delay in filing the instant Motion should be a sufficient basis for denial because such delay will cause prejudice to Plaintiffs if the Motion is granted. OPPOSITION at 6, 8–9. Plaintiffs further contend that the Federal Circuit did not change the law in *TS Tech*, but merely clarified the presence of an abuse of discretion in applying well-settled law. SURREPLY at 3. In response, Defendants contend that

> Previous transfer analysis applied in the Eastern District of Texas relied on three legal principles that resulted in the routine denial of such motions . . . [and] [D]efendants would not have prevailed on a motion to transfer, and defendants would not have burdened the Court with such a motion. . . . [T]he Fifth Circuit and the Federal Circuit have now rejected these principles, allowing [D]efendants to bring this meritorious motion.

MOTION at 5. Defendants further contend that there is no evidence that any such delay in bringing the instant Motion has caused prejudice to Plaintiffs. REPLY at 4.

Unlike a rule 12 motion based on improper venue, section 1404(a) sets no time limit for bringing a motion to transfer thereunder. *Mohamed*, 90 F. Supp. 2d at 759 (noting difference and that section 1404(a) motion to transfer "can technically be made at *any* time"). However, the Fifth Circuit has held that a motion to transfer venue under section 1404(a) should be made with "reasonable promptness." *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). Thus, if the party opposing transfer can show that the section 1404(a) transfer motion would result in prejudice solely due to the delay in bringing the motion or that the motion is a dilatory tactic, then

13

the movant has failed to show "reasonable promptness." *Mohamed*, 90 F. Supp. 2d at 760 (citing *Peteet*, 868 F.2d at 1436).

Here, Defendants filed the instant Motion on January 21, 2009—over six months after Plaintiffs' original Complaint was filed. (Doc. No. 1). The parties have served infringement contentions and exchanged documentary evidence. Should this case now be transferred, both parties would suffer the delay and prejudice of losing both the *Markman* and trial dates currently set. Citing to a study conducted by PriceWaterhouseCoopers from 2008, Plaintiffs assert that transfer would result in a new trial date in Massachusetts set no earlier than 2012. OPPOSITION at 7. Defendants respond that although this study is appropriately limited to patent cases, it pre-dates the District of Massachusetts Local Rule 16.6. REPLY at 5. Defendants further respond that this study reviews a twelve-year span of cases and therefore fails to reflect current statistics. *Id.*

With respect to District of Massachusetts Local Rule 16.6, Defendants fail to explain what effect this Local Rule has in mitigating any potential prejudice to the parties resulting from transfer. While this Rule does provide for "a special tailored Scheduling Order" and "a [*Markman*] hearing date [scheduled] promply after the filing of the joint claim construction statement," these provisions do not negate the prejudice the parties would suffer from delay resulting from transfer. Plaintiffs have provided reliable evidence that patent cases go to trial, on average, just less than two years quicker in this District than in the District of Massachusetts, creating a reasonable inference that the parties would suffer prejudice from the delay in trial transfer would cause. *See* OPPOSITION, EDELMAN DEC., EXH. D at 12. Moreover, the transferee court would be unfamiliar with the case, adding to the potential prejudice resulting from transfer. Thus, transfer of this case would result in

more difficulty, delay, and costs for both parties as a result of the late filing of the instant Motion, and as a result, this factor weighs against transfer.

B. **Public Interest Factors**

As previously noted, the public interest factors include 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315; *TS Tech*, 551 F.3d at 1319.

1. **Administrative Difficulties Caused by Court Congestion**

Defendants argue that this factor is neutral. MOTION at 9. With regard to this factor, Plaintiffs again point to the PriceWaterhouseCooper study indicating that patent cases go to trial, on average, almost two years faster in this District than in the District of Massachusetts. OPPOSITION at 15. Plaintiffs also point to Defendants' alleged delay in bringing the instant Motion. *Id.* at 15–16.

The *Lear* court found this factor to be neutral because the plaintiff's statistics regarding average district court times-to-trial did not provide data specifically regarding patent cases. *Lear*, 2:07-cv-406, slip op. at 5–6. The Federal Circuit agreed with that particular finding in *TS Tech*. 551 F.3d at 1320. *Cf. Novartis Vaccines*, 2009 WL 349760 at *6 (finding factor neutral when parties agreed that destination venue was 10th fastest civil docket and original venue was 14th fastest docket). Here, as previously noted, Plaintiffs have provided reliable evidence that patent cases go to trial, on average, just less than two years quicker in this District than in the District of Massachusetts. While Defendants identify some problems with this study, it creates at least a

reasonable inference that the Massachusetts court's increased time-to-trial can be attributed to docket congestion in Massachusetts. Thus, this factor does not weigh in favor of transfer.

### 2. Having Localized Interests Decided at Home

Defendants further assert that the District of Massachusetts has a significant local interest in this case because "[t]his case affects a Massachusetts corporation, its Massachusetts-based employees, and the local residents of Massachusetts." MOTION at 10. In response, Plaintiffs argue that because the allegedly infringing products are sold nationwide, neither this District nor the District of Massachusetts have a dominant interest. OPPOSITION at 16.

This factor focuses on the public's interest in having local interests decided at home because those actually affected by the controversy and events giving rise to the case are local. *Volkswagen II*, 545 F.3d at 318 ("The district court's provided rationale [that citizens of the original venue had an interest in the case because the product is available there] could apply virtually to any judicial district or division in the United States; it leaves no room for consideration of those actually affected-directly or indirectly-by the controversies and events giving rise to a case."); *see also Invitrogen Corp.*, 2009 WL 331889 at *4.

Importantly, it is undisputed that the Defendants sell the allegedly infringing products nationwide. Residents of both the District of Massachusetts and this District therefore have, if any, an equal, localized interest in upholding the patent laws and in adjudicating a dispute over products that directly affect its citizenry. With neither state having a greater stake in the outcome of this litigation, the localized interest factor is neutral and does not weigh in favor of transfer. *See Aloft Media LLC*, 2008 WL 819956 at *5-7 (finding this factor neutral where witnesses were located in London, New York, Virginia, California, and Texas); *Network-1 Sec. Solutions, Inc. v. D-Link Corp.*,

433 F. Supp. 2d 795, 800, *mandamus denied*, 183 Fed. Appx. 967 (Fed. Cir.2006) (finding this factor neutral where witnesses were located in Connecticut, New York, California, Taiwan, and Israel).

      **3.    Familiarity of Forum with Law that Will Govern Case and Avoidance of Unnecessary Problems of Conflict of Laws or in Application of Foreign Law**

There is no dispute that the District of Massachusetts and this District are equally familiar with the patent laws governing this case and can both appropriately apply these laws. Therefore, these factors are neutral and do not weigh in favor of or against transfer.

### CONCLUSION

The Court concludes that Defendants have failed to show that the District of Massachusetts is a clearly more convenient forum for adjudicating this case. Sources of proof originate from varied locations across the country and the globe, so the relative ease of access to sources of proof is neutral, as it weighs neither in favor of nor against transfer. Under the 100-mile rule, there are a number of witnesses who will be significantly inconvenienced whether this case remains in this District or is transferred, so the cost of attendance for willing witnesses is neutral. The availability of compulsory process is just slightly greater in the District of Massachusetts than it is in this District, so this factor weighs only slightly in favor of transfer. A transfer, at this point in the litigation, would however result in difficulty, delay, and additional costs for both parties, so practical problems weigh against transfer. On balance, the private interest factors weigh, slightly, against transfer.

With respect to the public interest factors, administrative difficulties caused by court congestion indicate that this District is better suited to try this case with fewer intervening complications due to a shorter average time-to-trial for patent cases than the District of

17

Massachusetts. Neither district has a strong local interest in having this case decided at home, and the final two public interest factors are neutral. On balance, the public interest factors also weigh against transfer.

All in all, because sources of proof, including witnesses and documentary evidence, as well as the parties are scattered throughout the country and around the globe—in addition to the fact that transfer would result in substantial delay and cost for both parties—both the private and public interest factors weigh against transfer. Therefore, Defendants have failed to meet their burden of showing that the District of Massachusetts is a clearly more convenient forum to adjudicate this dispute. For all the foregoing reasons, Defendants' Motion to Transfer Venue to the United States District Court for the District of Massachusetts is **DENIED**.

**So ORDERED and SIGNED this 23rd day of March, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE