IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KONAMI DIGITAL ENTERTAINMENT CO., LTD., a Japanese Corporation, and KONAMI DIGITAL ENTERTAINMENT, INC., an Illinois Corporation,<br><br>*Plaintiffs,*<br>v.<br><br>HARMONIX MUSIC SYSTEMS INC., a Delaware Corporation, MTV NETWORKS CO., a Delaware Corporation, VIACOM INTERNATIONAL INC., a Delaware Corporation, and VIACOM INC., a Delaware Corporation,<br><br>*Defendants.*<br><br>AND RELATED COUNTERCLAIM. | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 6:08-CV-286 JDL<br><br><br><br>**JURY TRIAL DEMANDED** |

**NON-PARTIES JORDAN & HAMBURG LLP, FRANK JORDAN AND HERBERT RUSCHMANN AND PLAINTIFFS'
OPPOSITION TO MOTION TO COMPEL PRODUCTION OF PATENT PROSECUTION FILES RELATING TO BEAT RHYTHM GAMES**

## I.     **INTRODUCTION**

Defendants Harmonix Music Systems, Inc., MTV Networks, Viacom International Inc., and Viacom Inc.'s ("Defendants") improper motion to enforce subpoenas issued by the Southern District of New York seeks to unduly burden non-party Jordan & Hamburg LLP (a small patent prosecution firm located in New York) and two of its attorneys (Frank J. Jordan and Herbert F. Ruschmann) (collectively, the "Jordan firm") with the production of irrelevant prosecution files and the preparation of an extraordinarily long and unnecessary privilege log.  Despite the prior production of the three prosecution histories for the patents-in-suit and three privilege logs totaling 53 pages, Defendants take a "shotgun" approach – demanding the production of the files for *all* of Konami's unasserted "beat rhythm" patents as well as the creation of an additional privilege log for those files.

This motion should be denied on procedural grounds alone.  Defendants completely failed to comply with the "meet and confer" rules of this Court.  Despite the clear requirement of Local Rule CV-7(h), Defendants brought this motion without conducting a conference involving both *lead counsel* and local counsel.  In fact, Defendants submitted a false certification claiming compliance with CV-7(h).  Furthermore, Defendants never advised that they would bring a motion in this Court – rather than in the Southern District of New York, which issued the subpoenas that are the subject of this motion.

Bringing the instant motion in this Court fails to comport with the Federal Rules as well.  Defendants ask this Court to issue an order to "produce or log the patent prosecution materials responsive to the Subpoenas" *issued by the Southern District of New York.*  Federal Rule of Civil Procedure 45 provides certain protections to a non-party – such as allowing the issuing court to quash, modify or enforce a subpoena and to limit the burden on non-parties.  Only after Defendants were informed of the significant burden that the subpoenas placed on the Jordan

firm, did they decide – without informing Konami or the Jordan firm – that they would bring a motion a compel in this Court.  As this Court sits over 1,500 miles away from New York, Defendants sought to make it more difficult for the Jordan firm to be present at a hearing or otherwise participate.  Defendants' end run around the Federal Rules should not be tolerated.

Even if the Court reaches the merits of the motion, however, it should be denied. Defendants seek to place an extraordinary burden on Konami and the non-party Jordan firm. The Defendants insist that Konami and the Jordan firm produce and/or log *every* document contained in *any* file relating to *any* of the unasserted "beat rhythm" patents or applications. Since Konami filed numerous different patent applications that arguably relate to one or more of its "beat rhythm" games, this would mean that Konami would have to produce a privilege log with hundreds, if not thousands, of additional entries.

The voluminous files at issue do not relate to the patents-in-suit, nor do they relate to any continuation, continuation-in-part, divisional, parent, or counterpart to the patents-in-suit. Rather, these files concern *unasserted* patents and applications filed by Konami over the course of a decade.  To the extent the documents in the files are non-privileged, they will consist almost entirely (if not entirely) of communications with the Patent Office ("PTO") or file histories that are in the public domain, which Defendants can review at their leisure on the PTO database.  To the extent the documents are privileged, all the Defendants will ever receive is a tremendously long privilege log that pointlessly lists every communication that the Jordan firm ever sent to Konami relating to the prosecution of all these applications – a log that would take weeks, if not months, for Konami and the Jordan firm to create.  The burden of providing the discovery that the Defendants seek tremendously outweighs the non-existent benefit of that discovery.

Defendants have expressed no interest in cooperating or minimizing the burden on the non-party Jordan firm. The non-party Jordan firm offered several proposals to satisfy Defendants and avoid motion practice. Those proposals were summarily rejected by Defendants. For example, the Jordan firm offered to review the files and produce relevant, non-privileged documents that were not publicly available from the PTO. Defendants, however, dismissed that proposal – demanding that every single privileged communication (regardless of subject or relevance) be logged. Defendants' only priority appears to be to place an undue and unfair burden on Plaintiffs and the Jordan firm. The Defendants' motion should be denied.

## II. FACTUAL BACKGROUND

### A. Defendants Serve Subpoenas on the Jordan Firm.

On May 26, 2009, Defendants issued three subpoenas from the Southern District of New York to the New York-based law firm of Jordan & Hamburg LLP and two of its attorneys, Frank Jordan and Herbert Ruschmann. *See* Beringer Declaration [Docket No. 113], Exs. F-H. Each of the subpoenas broadly requested patent prosecution files relating to the patents-in-suit as well as *any* "beat rhythm" game patents or applications.[1] *Id*. On July 2, 2009, non-parties the Jordan firm and Messrs. Jordan and Ruschmann served written objections to Defendants' subpoenas.[2] *Id*., Exs. I-K.

---

[1] While Defendants have identified 35 "additional beat rhythm patents and patent applications prosecuted by Jordan & Hamburg," 18 of the patents/applications have no conceivable relationship to issues in this action. Those 18 patents/applications relate to dance games, a martial arts game, foot switch patents, keyboard patents, and design patents. Defendants have not explained how these patents and applications could possibly be relevant.

[2] Although Defendants claim to have served their subpoenas on the Jordan firm and its attorneys on May 26, 2009, they are incorrect. On May 26, 2009, Defendants e-mailed copies of the subpoenas to counsel for Konami. Of course, subpoenas must be personally served on the subpoenaed entity or individual. *See* Fed. R. Civ. P. 45(b)(1). Defendants did not personally serve the Jordan firm or its attorneys. Only several weeks later did counsel for Konami agree to accept service on behalf of the Jordan firm and its attorneys.

### B. Plaintiffs Offered To Produce Certain Documents, but Defendants Rejected the Offer Outright.

On September 3, 2009, the non-party Jordan firm and Plaintiffs held their most recent telephone conference with counsel for Defendants to discuss their subpoenas. *See* Declaration of Michael Edelman in Opposition to Motion To Compel ("Edelman Decl."), ¶ 2. During that call, Defendants repeated their demand that the non-party Jordan firm should produce and log all documents relating to any "beat rhythm" patent. *Id*. Defendants contended that the documents were relevant to their inequitable conduct defense.[3] In response, the non-party Jordan firm explained that it would be a significant burden on a small prosecution firm to review, produce and provide a detailed privilege log for every file relating to unasserted patents. *Id*. The Jordan firm discussed how nearly all of the documents requested are either publicly available at the PTO or would constitute privileged documents. *Id*. Moreover, the Jordan firm would be required to spend several weeks creating a detailed privilege log, causing undue burden to the Jordan firm, yet providing no benefit to Defendants. *Id*. In response, Defendants claimed that the prosecution files might contain evidence of earlier Konami games. *Id*.; s*ee also* Motion To Compel, p. 7. In an effort to address Defendants' concern, the Jordan firm offered a compromise: to search for and produce any relevant documents that were (a) not privileged, and (b) were not duplicative of information that Defendants could find on the PTO website (such as copies of the file histories). *See* Edelman Decl., ¶ 3. That proposal, however, was not good enough for Defendants. Instead,

---

[3] Under the Federal Rules and this Court's Discovery Order, only documents relevant to the claim or defense of a party need to be produced. Because Plaintiffs have moved to strike Defendants' inadequate inequitable conduct defense, the requested documents may never be necessary. *See* September 18, 2009 Motion To Dismiss and/or Strike Allegations of Inequitable Conduct. [Docket No. 127]  Since that motion has not yet been heard, however, Plaintiff assumes for purposes of this motion that the inequitable conduct defense is an appropriate subject for discovery.

they demanded that the non-party Jordan firm review and produce or log *every* piece of paper contained in *every* file from the unasserted patents. *Id.*

### C. Defendants Already Have The Necessary Discovery.

Defendants have already reviewed the publicly available prosecution histories that they now demand. In their August 24, 2009 Amended Answer, Defendants set forth page after page of a lengthy (albeit completely non-specific) inequitable conduct defense wherein they discuss the prosecution histories for unasserted patents.[4] For example, Defendants discuss the patent applications and their prosecution histories, including citations and quotes from the applications, Information Disclosure Statements, rejections and the like. *See* Docket No. 97, e.g., ¶¶ 103-106, 117. Moreover, in Defendants' own words, they claim to *already have* "irrefutable evidence" of Konami's alleged wrongdoing based on the patents-in-suit, the prosecution histories for unasserted patents and the alleged prior art games. *See* Motion To Compel, p. 10.

### III. ANALYSIS

#### A. Defendants Failed To Meet and Confer as Required by the Local Rules Before Filing This Motion.

Local Rule CV-7(h) sets forth a specific meet and confer requirement before discovery motions can be filed. That requirement includes "two components, a substantive and a procedural component." Here, Defendants failed to comply with either one.

---

[4] As explained in Plaintiff's currently pending Motion To Dismiss and/or Strike Allegations of Inequitable Conduct, Defendants' inequitable conduct claims do no satisfy the strict pleading requirements set forth in *Exergen Corp. v. Wal-Mart Stores, Inc.*, Nos. 2006-1491, 2007-1180, 2009 U.S. App. LEXIS 17311 (Fed. Cir. Aug. 4, 2009). Rather than identify with specificity its inequitable conduct claim, Defendants took a "kitchen sink" approach. *See* September 18, 2009 Motion To Dismiss and/or Strike Allegations of Inequitable Conduct. [Docket No. 127]

> The substantive component requires, at a minimum, a personal conference, by telephone or in person, between an attorney for the movant and an attorney for the non-movant. In any *discovery-related motion*, the substantive component requires, at a minimum, a personal conference, by telephone or in person, between the *lead trial counsel* and any local counsel for the movant and the *lead trial counsel* and any local counsel for the non-movant.

Local Rule CV-7(h) (emphasis added). Here, Defendants **never** met and conferred with designated lead trial counsel for Konami, Mr. Lemieux or Mr. Carroll. *See* October 8, 2008 Designation of Lead Counsel and Co-Lead Counsel. [Docket Nos. 36-37]

In their Certificate of Conference, Defendants claim that they "conferred with Michael Edelman, Shanée Nelson,[5] and Deborah Race, counsel and local counsel for Plaintiffs and third parties Jordan and Hamburg LLP, Frank Jordan, and Herbert Ruschmann . . . ." *See* Motion To Compel, p. 17. Because neither Konami lead counsel participated on the call, Local Rule CV-7(h) was plainly not satisfied. Moreover, the Certificate of Conference failed to comply with the procedural component of certification set forth in Local Rule CV-7(i) because it did not identify lead counsel for Plaintiffs. Defendants cannot claim ignorance of the requirements – they identified attorney Ashlie Beringer as "lead counsel for Defendants."[6] *See* Motion To Compel, p. 17.

In addition, during the conference of counsel, the only subject discussed with respect to this motion was Defendants' three subpoenas issued by the Southern District of New York. Defendants made no mention of the fact that they intended to move to enforce their subpoenas in this district – rather than in the Southern District of New York, where the non-party Jordan firm is located. *See* Edelman Decl., ¶ 4. Instead, Defendants withheld that information and then

---

[5] Neither Mr. Edelman nor Ms. Nelson has been designated as lead counsel for Plaintiffs.

[6] For the first time in its Certificate of Conference, Defendants identified Ms. Beringer as its "lead counsel," despite the fact that Defendants' counsel Mark Reiter is listed on the Court's docket as Defendants' lead attorney.

chose to file the instant motion in this Court. Such tactics do not comply with the good faith "meet and confer" requirements of this Court.

      **B.**    **Defendants Were Required To Bring This Motion in the Southern District of New York.**

Defendants chose to bring their motion as a motion to compel production of "patent prosecution materials responsive to the Subpoenas." *See* Motion To Compel, p. 15. Yet, those subpoenas were issued by the Southern District of New York. The Jordan firm, Mr. Jordan and Mr. Ruschmann – non-parties to this litigation – served objections to those subpoenas. *See* Beringer Declaration [Docket No. 113], Exs. I-K.

"If a timely written objection to production or inspection commanded by a subpoena is lodged, the person subject to the subpoena is excused from compliance unless a court order is obtained enforcing the subpoena." *See* 9 Moore's Federal Practice, ¶ 45.41(2)(b) (2009). If a non-party lodges an objection "the serving party may move the ***issuing court*** for an order compelling production or inspection." *See* Fed. R. Civ. P. 45(c)(2)(B)(i) (emphasis added). Rule 45 does not provide grounds for a different court – other than the issuing court – to order compliance with a subpoena.[7] Because Defendants did not file in the Southern District of New York, their motion should be denied.

      **C.**    **The Burden of Producing and Logging Every Single Document Contained in Dozens of Files That Are Not Related to the Patents-in-Suit Would Be Overwhelming, and Far Outweighs the Non-Existent Benefit of This Discovery.**

This Court has held that "documents regarding… patents not asserted against [the producing party] in this case are not relevant." *Caritas Techs., Inc. v. Comcast Corp.*, No. 2:05-

---

[7] Konami recognizes that this Court has authority to compel parties to produce documents. Here, however, Defendants elected to bring a motion to enforce subpoenas issued in the Southern District of New York under Rule 45 ***against a non-party***. As a result, the procedures and protections afforded non-parties pursuant to Rule 45 apply.

CV339, 2006 U.S. Dist. LEXIS 94879, at *35 (E.D. Tex. Feb. 9, 2006) (denying, in part, a motion to compel production of documents regarding infringement allegations for non-asserted patents even though "the patent-in-suit share a common disclosure and a number of claim elements" with the non-asserted patents.)[8]  Similarly, "requested information is not relevant to the pending action 'if the inquiry is based on the party's mere suspicion or speculation.'" *Samsung SDI Co. v. Matsushita Elec. Indus. Co.*, No. CV 05-8493-AG (SHx), 2007 U.S. Dist. LEXIS 90457, at *10 (C.D. Cal. June 25, 2007) (denying Defendants "permission to engage in a fishing expedition, so that they do not have to conduct an investigation into whether or not additional products infringe their patents.") *quoting Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990) (denying request to compel production by analogizing relevance of information to damages assertions to the relevance of an infringement action brought on "mere suspicion of infringement, [wherein] discovery would not be allowed based on an allegation alone.")

      Here, Defendants claim that they already have "irrefutable evidence" to support their inequitable conduct claim.  *See* Motion To Compel, p. 10.  Yet, they demand that the non-party Jordan firm produce and log documents from the prosecution files for unasserted patents unrelated to the patents-in-suit.  Defendants' motion to compel speculates as to what they

---

[8] Defendants incorrectly rely on this Court's decisions in *Golden Hour* and *Ring Plus* for the proposition that the prosecution histories of unrelated patents are relevant to inequitable conduct. *See Golden Hour Data Sys., Inc. v. emsCharts, Inc.*, No. 2:06 CV 381, 2009 U.S. Dist. LEXIS 24225 (E.D. Tex. Mar. 23, 2009); *see also Ring Plus, Inc. v. Cingular Wireless LLC*, No. 5:08-CV-42 DF, 2009 U.S. Dist. LEXIS 69394 (E.D. Tex. July 17, 2009).  In both cases, however, the Court looked to the prosecution histories and privilege log entries relating to ***the patents-in-suit***. Those decisions did not turn on the prosecution histories of unasserted patents.

"might" find on their fishing expedition through the Jordan firm's files, such as "games or related materials in its files." *Id.*[9]

Defendants seek to burden the non-party Jordan firm with producing documents and preparing a privilege log covering nearly a decade of patent prosecution files on unrelated patents. The requested patents do not relate to any continuation, continuation-in-part, divisional, parent, or counterpart to the patents-in-suit. Each of the files for the unasserted patents, using a conservative estimate, includes 40-50 privileged documents that would require separate privilege log entries. At a minimum, the Jordan firm would be required to prepare a privilege log containing nearly 1,000 entries. *See* Edelman Decl., ¶ 5. Defendants have articulated no basis for why the non-party Jordan firm should be burdened with logging hundreds of documents from files on *unasserted* patents. The marginal relevance, if any, of the requested documents and privilege log is far outweighed by the significant burden required to produce and log so many documents.

## IV.   CONCLUSION

For each of the above reasons, Defendants' motion to compel documents pursuant to the Southern District of New York subpoenas should be denied in its entirety.

///

---

[9] Defendants cite to *Tantivy Commc'ns, Inc. v. Lucent Techs., Inc.*, 2:04-CV-79 (TJW), 2005 U.S. Dist. LEXIS 29981 (E.D. Tex. Nov. 1, 2005) for the proposition that publicly available documents must be produced. *Tantivy* is distinguishable. In *Tantivy*, Lucent withheld certain documents and took the position that "no such [requested] documents exist…." *Id.* at *9. At deposition, testimony was elicited demonstrating that Lucent knew about the withheld documents – but still withheld them. *Id.* Later, in opposition to a motion to compel, Lucent took the new position the withheld documents were publicly available and need not be produced. *Id.* Not surprisingly, the Court found that Lucent should have produced the withheld documents. *Id.* Here, in contrast, Defendants have already reviewed the publicly available prosecution histories for the unasserted patents in preparing their Amended Answer. The non-party Jordan firm should not be burdened with producing documents that are already available to Defendants.

Dated: September 25, 2009

Respectfully submitted,

By: _____/s/ S. Christian Platt_____

**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
Ronald S. Lemieux  (ronlemieux@paulhastings.com)
(CA Bar No. 120822)
Michael N. Edelman (michaeledelman@paulhastings.com)
(CA Bar No. 180948) (Admitted *Pro Hac Vice*)
Vidya R. Bhakar (vidbhakar@paulhastings.com)
(CA Bar No. 220210)
Qin Shi (qinshi@paulhastings.com)
(CA Bar No. 226827) (Admitted *Pro Hac Vice*)
Shanée Y. W. Nelson (shaneenelson@paulhastings.com)
(CA Bar No. 221310) (Admitted *Pro Hac Vice*)
Keren Hu (kerenhu@paulhastings.com)
(CA Bar No. 252725) (Admitted *Pro Hac Vice*)
1117 S. California Ave.
Palo Alto, CA 94304
Telephone: 650.320.1800
Facsimile: 650.320.1900

**PAUL, HASTINGS, JANOFSKY & WALKER LLP**
S. Christian Platt (christianplatt@paulhastings.com)
(CA Bar No. 199318) (Admitted *Pro Hac Vice)*
Ericka Jacobs Schulz (erickajschulz@paulhastings.com)
(CA Bar No. 246667) (Admitted *Pro Hac Vice*)
4747 Executive Drive, 12th Floor
San Diego, CA 92121
Telephone: 858.458.3000
Facsimile: 858.458.3005

**IRELAND CARROLL & KELLEY**
Otis W. Carroll, Jr. (fedserv@icklaw.com)
LEAD ATTORNEY
State Bar No. 03895700
Deborah J. Race (drace@icklaw.com)
State Bar No. 16448700
6101 S. Broadway, Suite 500
Tyler, TX 75730
Telephone: 903.561.1600
Facsimile: 903.581.1071

Attorneys for Plaintiffs and Counterclaim Defendants
KONAMI DIGITAL ENTERTAINMENT CO., LTD., and
KONAMI DIGITAL ENTERTAINMENT, INC.

**CERTIFICATE OF SERVICE**

     I hereby certify that all counsel of record who have consented to electronic service are being served a copy of this document via the court's CM/ECF system pursuant to Local Rule CV-5(a)(3) on this the 25th day of September, 2009.

                                                                     */s/ S. Christian Platt*
                                                                     S. CHRISTIAN PLATT

LEGAL_US_W # 62737263.1