IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KONAMI DIGITAL ENTERTAINMENT CO., LTD., et al., <br><br> Plaintiffs, <br><br> v. <br><br> HARMONIX MUSIC SYSTEMS, INC., et al., <br><br> Defendants. | CIVIL ACTION No. 6:08cv286 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Harmonix Music Systems, Inc., MTV Networks, Viacom International Inc., and Viacom Inc.'s (collectively, "Defendants" or "Viacom") Motion to Compel Production of Patent Prosecution Files Relating to Beat Rhythm Games (Doc. No. 113) ("Motion"). The third parties Jordan & Hamburg LLP, Frank Jordan, Herbert Ruschman (collectively, "J&H"), and Plaintiffs Konami Digital Entertainment Co., Ltd., and Konami Digital Entertainment, Inc. (collectively, "Konami") oppose the Motion to Compel with a Response (Doc. No. 134) ("Response") and a Surreply (Doc. No. 157) ("Surreply"). Defendants filed a Reply (Doc. No. 147) ("Reply") to J&H and Konami's Opposition. Having fully considered the parties' arguments and for the reasons set forth herein, Defendant's Motion to Compel is **DENIED** without prejudice due to failure to comply with the Local Rules.

### PARTIES' CONTENTIONS

Viacom has moved to compel discovery of patent prosecution materials from Konami's patent prosecution counsel, Jordan and Hamburg LLP ("J&H"). MOTION at 1. Specifically, they seek

1

files relating to over two dozen Konami patents prosecuted concurrently with the three patents-in-suit. *Id*. Defendants' primary argument for compelling these files is that the files for the requested patents disclose "highly similar prior art games that Konami developed and sold before the patents-in-suit were filed." *Id*. Defendants apparently intend to use this discovery in support of inequitable conduct and invalidity defenses by attempting to demonstrate that in prosecuting these related patents, Konami and its counsel had knowledge of material prior art and intended to withhold these materials during prosecution of the three patents-in-suit. MOTION at 6.

J&H offers a substantive response that the files at issue do not relate to the patents-in-suit and goes on to detail the burden that J&H will suffer as a result of this request. RESPONSE at 2–3. In lieu of creating a detailed privilege log containing "nearly 1,000 entries," J&H offered to search for and produce any relevant documents that were (a) not privileged, and (b) were not duplicative of information that Defendants could find on the PTO website. *Id*. at 4, 9. The Defendants did not accept this compromise.

In addition to making substantive arguments, J&H also advances two procedural reasons as to why this Motion should fail. First, they argue that Defendants' filing of this Motion did not comply with the meet and confer requirement of Local Rule CV-7(h). RESPONSE at 5–6; SURREPLY at 1–2. Secondarily, since the subpoenas for the patent prosecution materials were issued by the Southern District of New York to non-parties in the litigation, J&H maintains that the serving party must move the issuing court for an order compelling production or inspection of the desired discovery. RESPONSE at 7 (relying on FED. R. CIV. P. 45(c)(2)(B)(I)). Effectively, J&H asserts that Viacom's failure to meet with either or both procedural requirements qualifies as sufficient grounds to deny this Motion.

**DISCUSSION**

At this time, the Court will not address the substantive merits of the Motion because the moving party has failed to satisfy the requirements of the Local Rules. Pursuant to Local Rule CV-7(h), prior to seeking court intervention, *lead* counsel for the movant must have a personal conference with the *lead* counsel for the non-movant. Local Rule CV-7(h). The "meet and confer" rule further explains:

> In the personal conference, the participants must give each other the opportunity to express his or her views concerning the disputes. The participants must also compare views and have a discussion in an attempt to resolve their differing views before coming to court. Such discussion requires a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relatively strengths of each position.

L.R. CV-7(h).

The parties apparently agree that a telephone conference occurred prior to the filing of this Motion but disagree as to whether the requirements of Rule CV-7(h) and (i) were met, and if not, who was responsible. Specifically, in the Certificate of Conference, Viacom claims that they conferred with Michael Edelman, Shanee Nelson, and Deborah Race, counsel and local counsel for Konami and J&H, but J&H points out that they failed to confer with either Ronald Lemieux or Otis Carroll, the designated co-lead counsel representing the non-parties. MOTION at 17. Furthermore, in the Certificate of Conference, Defendants identified S. Ashlie Beringer as "lead counsel for the Defendants," when Mark Reiter is listed on the Court's docket as Defendants' lead attorney. RESPONSE at 6 (quoting MOTION at 17). J&H accurately points out that this is in violation of the certification components set forth in Rule CV-7(i) that requires all elements of Rule 7(h) to be met,

as well as the stipulation that in discovery-related motions, the Certificate of Conference must be signed by *lead counsel*. L.R. CV-7(I). The Court sees no reason that the "lead counsel" signing a Certificate of Conference should not be the same attorney that is designated as lead counsel on the Court's docket sheet. In this case, Mark Reiter is identified as lead counsel on the docket sheet.

In response to J&H's charges that Viacom did not comply with the Local Rules, Defendants offer in their Reply that the argument is "frivolous" and that the absence of Konami's lead attorney, Mr. Lemieux, violates the good faith element of the meet and confer requirements. REPLY at 5. Viacom fails to address, however, whether Mr. Reiter had been present on the call or whether Defendants violated Local Rule CV-7(i) by listing Ms. Beringer as "lead counsel" in the Certificate of Conference. In the subsequent Surreply, J&H concedes that Mr. Lemieux did not participate in the meet and confer, but again points out the Defendants' misrepresentation in asserting that they "fulfilled [their] meet and confer obligations." SURREPLY at 1–2 (quoting REPLY at 5). Currently, the discrepancy as to Mr. Reiter's participation remains unresolved, but the Certificate of Conference and the corresponding briefing of both parties strongly suggests that Viacom did not involve their lead counsel in the meet and confer process before the filing of this discovery Motion.

As such, this Court will not allow parties to ignore its Local Rules without explanation. A Certificate of Conference indicates to the Court that the parties have complied with their meet-and-confer obligations, and in this case, Viacom has failed to address the discrepancy between the lead counsel identified on Certificate of Conference and the lead counsel identified on the Court's docket. Furthermore, both parties are reminded that "unavailability" is no excuse for lead and local counsel's failure to participate in discovery. Accordingly, the Court expects the parties to meet and confer in a timely and effective manner that minimizes inconvenience and expense.

**CONCLUSION**

In light of Viacom's noncompliance with Local Rule CV-7(h) and (i), the Court **DENIES** the Motion to Compel without reaching the merits of the request. If Defendants continue to persist in seeking the Court's assistance in producing the patent prosecution materials from J&H and Konami, the parties are **ORDERED** to meet and confer pursuant to the requirements set forth in Rule 7(h) by **November 2, 2009**. Following this meet and confer, Viacom is to notify the Court by **November 4, 2009** who is serving as lead counsel for Defendants and whether they intend to re-file this Motion in the Eastern District of Texas.[1] If Defendants intend for the Court to resolve this Motion on the merits, supplemental briefing from both sides should be filed by **November 9, 2009**.

**So ORDERED and SIGNED this 22nd day of October, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[1] Alternatively, as previously suggested, Viacom might re-evaluate whether the procedural requirements of Rule 45 of the Federal Rules of Civil Procedure necessitates filing this Motion in the Southern District of New York. *See* RESPONSE at 7; SURREPLY at 4.