# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| KONAMI DIGITAL ENTERTAINMENT CO., LTD., et al., | §<br>§<br>§ | |
| Plaintiffs, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION No. 6:08cv286-JDL |
| HARMONIX MUSIC SYSTEMS, INC., et al., | §<br>§<br>§<br>§ | |
| Defendants. | §<br>§ | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Dismiss and/or Strike Allegations of Inequitable Conduct (Doc. No. 127) ("Motion"). Defendants Harmonix Music Systems Inc., MTV Networks, Viacom International Inc., and Viacom Inc. (collectively, "Viacom") oppose the Motion to Strike and/or Dismiss with a Response (Doc. No. 146) ("Response") and a Sur-reply (Doc. No. 162). Plaintiffs Konami Digital Entertainment Co., Ltd. and Konami Digital Entertainment, Inc. (collectively, "Konami") filed a Reply (Doc. No. 154) in support of the Motion. Having considered the parties' submissions and the arguments contained therein, the Court **DENIES** Konami's Motion to Strike Allegations of Inequitable Conduct under Rules 9(b), 12(b)(6), and 12(f) of the Federal Rules of Civil Procedure.

Plaintiffs' Motion largely focuses on the Federal Circuit's recent holding in *Exergen Corp. v. Wal-Mart Store,* and argues that Viacom's inequitable conduct allegations lack the specificity required to satisfy the strict pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. MOTION at 1 (discussing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009)).

Konami emphasizes that the pleading requirement of Rule 9(b) warrants the identification of the "who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 2; *Exergen*, 575 F.3d at 1327 (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). According to Konami, the Viacom allegations are insufficient to satisfy this strict pleading requirement because (1) Viacom failed to tie its accusations to specific individuals by broadly accusing all agents and attorneys involved in prosecuting the disputed patents, and (2) the facts alleged do not establish that the accused prosecuting agents and attorneys withheld material prior art references or had the requisite intent to deceive the PTO. *See generally* MOTION at 4–8.

Viacom responds by emphasizing that the language contained in its pleadings provides sufficient detail under *Exergen* and Rule 9(b) to support a reasonable inference of inequitable conduct. *See* RESPONSE at 1–3; *Exergen*, 575 F.3d at 1329 (stating that "knowledge" and "intent" may be averred generally so long as the pleadings allege sufficient facts to reasonably infer the requisite state of mind). Viacom specifically references facts in its Amended Answer that it asserts not only provided Konami with information to identify the relevant individuals accused of knowing about the contested prior art references, but also established reasonable grounds to infer that Konami's inventors and prosecuting attorneys understood that these references were material to the patents-in-suit. RESPONSE at 2 (maintaining that Viacom's inequitable conduct defenses "detailed allegations of knowledge coupled with the detailed allegations of materiality support more than a reasonable inference that the individuals identified intended to withhold this invalidating prior art from the PTO").

After reviewing the Amended Answer and accompanying exhibits that disclose Viacom's inequitable defense pleadings, the Court finds that Viacom has sufficiently provided the factual

details required by *Exergen* to plead inequitable conduct in a patent case. *Exergen* clearly articulated that Rule 9(b) warrants the identification of the "who, what, when, where, and how of the material misrepresentation or omission committed before the PTO. The Federal Circuit teaches that these allegations need not be a "smoking gun," but rather sufficient grounds to infer the requisite knowledge and intent. Applying this standard to Viacom's pleadings, it is apparent that Viacom provides facts that establish a reasonable basis to allege that individuals employed by or retained by Konami had knowledge of the prior art references at issue, and that there was potentially intent to withhold these references from the PTO. (Doc. No. 97 at 8–36) ("Amended Answer").

Reading the pleadings to identify the "who" in Viacom's allegations, the Court finds that Viacom identifies specific individuals that it accuses of withholding material prior art and violating a duty of candor to the PTO. AMENDED ANSWER at 8, 19, 24. As required by Rule 9(b), Viacom names the patent prosecution attorneys and inventors against whom it intends to bring charges of inequitable conduct.[1] The Court is similarly persuaded that Viacom has met the "what" and "where" requirements with pleadings that identify charts of potentially invalidating Konami prior art games— on a claim-by-claim and limitation-by-limitation basis. AMENDED ANSWER, EXH. B–J. Additionally, Viacom pleads the "how" required under *Exergen* by compiling analysis that incorporates Examiner statements to support its theories. These statements suggest that the disclosed Konami prior art may not be cumulative of all of the information on record, and therefore, gives Viacom a reasonable basis on which to allege undisclosed prior art references. *See, e.g.,* AMENDED ANSWER at 10 (¶ 39), 22

---

[1] Viacom names at least seven individuals that participated in prosecution of the patents-in-suit. Among those named are: Mr. Frank Jordan (prosecuting attorney), Mr. C. Bruce Hamburg (prosecuting attorney), Takahiro Omori ('923 inventor), Tadasu Kitae ('067 inventor), Naonobu Kaneiso ('067 inventor), Toru Takeda ('067 inventor), and Yasushi Kawasaki ('822 inventor). *See* RESPONSE at 2, SURREPLY at 1; AMENDED ANSWER at 8, 19, 24.

(¶ 82); *see generally* AMENDED ANSWER, EXH. B–J.

The Court additionally finds the facts presented here are distinguishable from the facts considered in *Exergen*. For example, in *Exergen*, the defendant did not identify a single specific individual accused of inequitable conduct, nor any facts to show that there was knowledge and intent to deceive during the prosecution process. *Exergen*, 575 F.3d at 1329. In the Defendants' Amended Answer, however, Viacom provides a consistent set of allegations that disclose both its theory of inequitable conduct and the individuals it alleges have violated their duty of candor to the PTO. Similarly, in *Exergen*, the pleading failed to establish that the relevant claim limitations were present in the withheld prior art references. *See id.* at 1329. Viacom's pleadings, by contrast, provide analysis of specific claim limitations in the patents-in-suit as they relate to the undisclosed references. *See* SURREPLY at 1 (citing AMENDED ANSWER, EXH. B (¶ 38), EXH. C (¶ 54), EXH. D (¶ 55), EXH. E (¶ 66), EXH. F (¶ 80), EXH. G (¶ 97), EXH. H (¶ 118), EXH. I (¶ 127), and EXH. J (¶ 136)). Furthermore, while the *Exergen* pleading generally avowed that the withheld references were "material," Viacom's Amended Answer more particularly points out why a reasonable examiner would have considered the withheld reference important to the patentability of a claim. SURREPLY at 1–2 (citing to relevant portions of the claim charts provided in the Amended Answer that detail the claim limitations present in the undisclosed references); *see also Exergen,* 575 F.3d at 1329 (quoting *Regents of Univ. Of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1570 (Fed. Cir. 1997) ("Information is material if a reasonable examiner would have considered it important to the patentability of a claim.")). In sum, based on a comparison between the "particularity" requirements in the *Exergen* allegations, and those in the instant case, the Court cannot conclude that Defendants' allegations warrant exclusion under the Federal Rules.

The Court finds that Viacom provides a consistent set of allegations that disclose both its theory of inequitable conduct and the individuals it alleges have violated their duty of candor to the PTO. Accordingly, Konami's Motion is **DENIED**.

**So ORDERED and SIGNED this 14th day of December, 2009.**


_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE